**UNITED STATES of America,**
**Appellee,**

v.

**Betty Parra DE RODRIGUEZ,**
**Appellant.**

**No. 74–2072.**

United States Court of Appeals,
Ninth Circuit.

Dec. 23, 1974.

---

Paul W. Colarich, Jr., of Laber, Loval-lo, & Colarich, Tucson, Ariz., for appellant.

Michael B. Scott, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before ELY and WALLACE, Circuit Judges, and TURRENTINE,* District Judge.

## OPINION

PER CURIAM:

In a jury trial, the appellant was convicted of having imported 410 pounds of marijuana into the United States in violation of 21 U.S.C. § 952(a) and § 960(a)(1). On a second count of the indictment, she was convicted of having possessed the same marijuana with intent to distribute it, a violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 841(b). Of the appellant's three contentions on this appeal, only one has a semblance of merit.[1] This pertains to the District Court's refusal, absent a request of the jury, to allow the jury to have a certain exhibit in its possession during the jury's deliberations. The appellant claimed that the exhibit impeached the arresting officers, inasmuch as it did not record some of the incriminating testimony given by one of the officers. The district judge based his refusal upon the ground that the report contained certain "extraneous matters." We think the better practice would have been to excise the extraneous material and send the relevant portions of the exhibit, along with the other exhibits, to the jury room.

Through the examination of counsel, however, the jury had been made aware of the alleged discrepancy between the testimony of the officer and the official report. This, considered in the light of the whole record, leads us to conclude that if the court's action constituted error, such error was harmless.

The judgment of conviction is Affirmed.

* Honorable Howard B. Turrentine, United States District Judge, San Diego, California, sitting by designation.

1. The appellant complains of one of the court's instructions, but considering the instructions in their entirety, we hold that the jury was fairly informed.

It is also contended that the prosecuting attorney made a prejudicially erroneous comment during summation. The record does not reveal that the challenged comment was made nor, if made, that any objection to the alleged comment was made by the appellant's attorney at the time.