**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30358 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00344-RAJ-1 |
| v. | |
| ROMAN ROSAS-MARTINEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted December 2, 2013
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.**

Roman Rosas-Martinez appeals his convictions for conspiracy to distribute

methamphetamine, possession of methamphetamine with intent to distribute, and

possession of a firearm in furtherance of drug trafficking. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. A district court is required to conduct an *in camera* examination of documents for exculpatory material only if a defendant can make some showing that such material will be found. *United States v. Henke*, 222 F.3d 633, 642-43 (9th Cir. 2000). Here, Rosas-Martinez put forth no evidence or showing that an examination of the file would have revealed exculpatory or impeachment material. The district court accordingly had no duty to examine the file, and did not err in declining to do so.

2. The government sought to introduce several recordings of conversations between Rosas-Martinez and the confidential informant, made in the Spanish language. Before trial, the district court admitted the recordings, the full translated transcripts, and abbreviated translated transcripts. The abbreviated transcripts were read to the jury during the trial. During deliberations, the jury requested the full transcript for recording 27; the district court declined over Rosas-Martinez's objections, and read back only the abbreviated transcript for that recording that had been originally read during the trial.

The district court erred by not providing a read back of the full transcript. As the district court initially admitted the full recording and the full transcript into evidence, it was an abuse of discretion not to provide the transcript to the jury upon its request. *See generally United States v. De Rodriguez*, 508 F.2d 411, 412 (9th

2

Cir. 1974); *cf. United States v. Franco*, 136 F.3d 622, 628 (9th Cir. 1998) (discussing translated transcripts of foreign language conversations). But an examination of the full transcript shows that it is frequently inculpatory, portraying Rosas-Martinez as the driving force behind the proposed methamphetamine deal. Its admission would not have materially affected the verdict, *see generally United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002) (standard for harmless error), and therefore, the error was harmless.

3.      Voir dire limitations are reversible error only if "the procedure used for testing does not create any reasonable assurances that prejudice would be discovered if present." *United States v. Patterson*, 648 F.2d 625, 630 (9th Cir. 1981). Here, Rosas-Martinez's counsel failed to use the full twenty minutes initially allotted, and did not request additional time. Additionally, a post-trial examination of the jury foreman revealed he was unaware of his daughter's personal connection with an Assistant U.S. Attorney until after the trial. Rosas-Martinez cannot show he could have discovered the connection during voir dire even with additional time, or that he was prejudiced.

4.      The district court did not err in admitting a police detective as an expert witness who testified to a nexus between drug trafficking and the carrying of firearms. *See United States v. Freeman*, 498 F.3d 893, 906 (9th Cir. 2007) (law

enforcement officers permitted to testify as expert witnesses). An examination of the detective's testimony reveals he did not exceed the permissible bounds of an expert witness, nor made any impermissible inferences or invade the fact-finding province of the jury. *See, e.g.*, *United States v. Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009).

5. The district court admitted evidence that Rosas-Martinez had sold a shotgun to the confidential informant during one of their initial meetings. The evidence of the shotgun sale was a necessary prerequisite for the jury to understand the evolving business relationship between Rosas-Martinez and the confidential informant, *see e.g.*, *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993), and therefore necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002). The district court accordingly did not abuse its discretion in admitting the evidence as "inextricably intertwined."

6. The "open door" doctrine is limited to admitting past hearsay documents or statements that "clarify or provide context to the inconsistent statements, such that they become relevant and thus admissible for a purpose other than to prove the truth of the matters asserted therein." *United States v. Collicott*, 92 F.3d 973, 981 (9th Cir. 1996). After examining the record, it is clear that Rosas' response was not

4

taken out of context, and admission of the document would only have improperly bolstered Rosas' previous testimony. Accordingly, there were no grounds under the "open door" doctrine to admit the document, and the district court did not err in refusing to do so. Moreover, Rosas-Martinez cannot show that the admission of statements from the document would have affected the verdict in light of the overwhelming physical and testimonial evidence of his guilt. Any error would have been harmless.

AFFIRMED.